IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

--------------------------------------------------

LAURIE L. WETTER                                    :  CASE NO. 5:09-CV-01837
                                                    :
                                    Plaintiff        :  MEMORANDUM OF OPINION AND
                                                    :  ORDER GRANTING DEFENDANTS'
                                                    :  MOTION FOR SUMMARY JUDGMENT
                                                    :  WITH RESPECT TO PLAINTIFF'S
               -vs-                                 :  FEDERAL CLAIM AND REMANDING
                                                    :  PLAINTIFF'S STATE LAW CLAIMS
                                                    :

AULTMAN HEALTH FOUNDATION, et
al.
                                    Defendants.
--------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

        Plaintiff, Laurie Wetter, initiated this lawsuit after she was terminated from her

position as a Medical Technologist for Aultman Health Foundation.  (Docket #1).  Ms.

Wetter asserts the following claims: (1) disability discrimination in violation of O.R.C.

§4112.02(A); (2) age discrimination in violation of O.R.C. §4112.14(B); (3) interference with

rights under the Family and Medical Leave Act, 29 U.S.C. §2601, et seq. ("FMLA"); (4)

wrongful termination; (5) intentional infliction of emotional distress; and (6) retaliatory

discharge in violation of O.R.C. §4123.90.  (Docket #1).

        On 4 June 2010, Aultman moved for summary judgment.  (Docket #29).  Ms.

Wetter opposed Aultman's motion and Aultman replied.  (Docket #44, 45).  For the

reasons discussed below, the Court will grant Defendants' Motion for Summary Judgment on Ms. Wetter's FMLA interference claim and remand her state law claims to the Stark County Court of Common Pleas.

## I.  Background

Ms. Wetter began working for Aultman as a Medical Technologist in 1986. (Pl.'s Dep. at 32:20-33:3). She held this position in the Chemistry and Immunology Departments until 2007 and in the Hematology Department until she was terminated on 14 January 2009. (Pl.'s Dep. at 58-62). The stated reason for Ms. Wetter's termination was excessive lateness to work. (Hull's Dep. at 36). However, Ms. Wetter claims that Aultman's stated reason was mere pretext. (Pl.'s Br. at 2). Ms. Wetter alleges that she was terminated as retaliation for filing a workers' compensation claim and exercising her FMLA rights and because of her disability and age. Id. at 1.

Ms. Wetter further alleges that Aultman interfered with her FMLA rights. Id. It is undisputed that Ms. Wetter's supervisor, Kelly Hull, failed to notify her that she may have consumed her remaining FMLA leave time. (Hull's Dep. at 42-44).

## II.  SUMMARY JUDGMENT STANDARD

When "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment shall be entered in favor of a moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party:

> always bears the initial responsibility of informing the district
> court of the basis for its motion, and identifying those

2

> portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.

Id. at 323; see also Boretti v. Wiscomb, 930 F.2d 1150, 1156 (6th Cir.1991) (moving party has the "burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the nonmoving party, do not raise a genuine issue of material fact for trial", quoting Gutierrez v. Lynch, 826 F.2d 1534, 1536 (6th Cir.1987)). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986), quoting Fed. R. Civ. P. 56(e)). Thus, "[o]nce the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial." Talley v. Bravo Pitino Restaurant, Ltd., 61 F.3d 1241, 1245 (6th Cir.1995). Read together, Liberty Lobby and Celotex stand for the proposition that a party may move for summary judgment by demonstrating that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50. Street v. J.C. Bradford & Co., 886 F.2d 1472, 1478 (6th Cir.1989).

Once the burden of production has shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); see also Michigan Protection and Advocacy Serv., Inc. v. Babin, 18 F.3d 337, 341 (6th

3

Cir.1994) (marking as standard that the plaintiff must present "more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff"). Rather, Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. Celotex Corp., 477 U.S. at 324. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment shall be denied "[i]f there are ... 'genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" Hancock v. Dodson, 958 F.2d 1367, 1374 (6th Cir.1992) (citation omitted).

## III.   LAW AND ANALYSIS

### A.   FMLA Claims

Ms. Wetter asserts that Aultman denied her rights under the 'entitlement' or 'interference' theory arising from 29 U.S.C. § 2615(a)(1) of the FMLA. Killian v. Yorozu Automotive Tennessee, Inc., 454 F.3d 549, 555 (6th Cir. 2006). Ms. Wetter's claim fails.

To establish an FMLA interference claim, Ms. Wetter "must demonstrate that: (1) [she] was an eligible employee; (2) [Aultman] was an employer as defined under the FMLA; (3) [she] was entitled to leave under the FMLA; (4) [she] gave [Aultman] notice of her intention to take leave; and (5) [Aultman] denied [her] FMLA benefits to which

4

she was entitled." Killian, 454 F.3d at 556; Walton v. Ford Motor Co., 424 F.3d 481, 485 (6th Cir. 2005). In the present case, construing the evidence, as well as any inferences to be drawn from it, in the light most favorable to the non-movant, Kraus v. Sobel Corrugated Containers, Inc., 915 F.2d 227, 229 (6th Cir. 1990), there is no evidence that Aultman interfered with Ms. Wetter's FMLA rights. Her own testimony illustrates that while employed by Aultman, she was never denied any FMLA leave request. (Pl.'s Dep. at 51).

There is, however, evidence that, on one occasion Ms. Hull failed to inform Ms. Wetter that she had consumed all of her remaining FMLA leave time. (Hull's Dep. at 42-44). This potential violation of the notice requirements embodied in 29 C.F.R. §825.300(d)(5)-(6) could have constituted FMLA interference. However, even assuming this constituted interference, "the FMLA provides no relief unless the Plaintiff has been prejudiced by the violation." Harris v.Metro. Gov't of Nashville & Davidson County, Tennessee, 594 F.3d 476, 482 (6th Cir. 2010). There is no evidence that Aultman's failure to inform Ms. Wetter of her remaining FMLA leave time (or lack thereof) negatively affected or prejudiced her in any way. As stated above, Aultman never denied Ms. Wetter a request for FMLA leave. (Pl.'s Dep. at 51). Ms. Wetter, in fact, admits that Ms. Hull did not do anything to prevent her from taking FMLA leave. (PL's Dep. at 97). Therefore, Ms. Wetter suffered no prejudice and there are no genuine triable issues with respect to Ms. Wetter's FMLA interference claim. Summary judgment will be granted in favor of Aultman on this claim.

Ms. Wetter's Complaint only alleges a cause of action under §2615(a)(1) of the

5

FMLA.  Indeed, the Complaint states only that the "Defendant unlawfully interfered with, restrained and/or otherwise denied Plaintiff her right to exercise or attempt to exercise her rights provided by the FMLA."  (Compl. ¶ 11).  Plaintiff's Complaint does not assert a cause of action under the distinct retaliation theory, which is found under the separate statutory section §2615(a)(2).  Therefore, even though Ms. Wetter asserts a retaliation claim in her response to the Defendants' Motion for Summary Judgment, she waived this claim by omitting it from her Complaint.

## B.    Remand of State Law Claims

This Court originally had jurisdiction under 28 U.S.C. § 1331 because the FMLA claim pled by Plaintiff arose under the laws of the United States.  Therefore, under 28 U.S.C. § 1331 and 1441(a) and (b), this lawsuit was properly removed.  This Court further exercised supplemental jurisdiction over Plaintiff's state law claims because those claims involved the same actors and the same set of facts as the FMLA claim. 28 U.S.C. § 1367(a).  However, having determined that Plaintiff's federal law claim must be dismissed, the only remaining claims arose under state law.  This Court will decline to exercise supplemental jurisdiction over these state law claims and will remand them to Stark County Court of Common Pleas 28 U.S.C. § 1367(c)(3).

6

## IV.    CONCLUSION

For the reasons set forth above, this Court grants Defendants' Motion for Summary Judgment with respect to Plaintiff's FMLA interference claim and remands Plaintiff's state law claims to Stark County Court of Common Pleas.


IT IS SO ORDERED.

/s/Lesley Wells
UNITED STATES DISTRICT JUDGE
